## CHEEK v. BEVERLY–WILSHIRE PROPERTIES, Inc.

No. 13009.

United States District Court
S. D. California, Central Division.

March 31, 1952.

Irwin R. Buchalter and Murray M. Fields, Los Angeles, Cal., for plaintiff.

J. M. McCroskey, Los Angeles, Cal., for defendant.

BYRNE, District Judge.

The trustee in bankruptcy filed this action to set aside an alleged voidable preference under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. There is no substantial controversy as to the facts.

In 1947 defendant leased premises to the bankrupt, Homan's Inc., for use as an "on-sale" liquor store. By May, 1950 the bankrupt was insolvent and indebted to the defendant in the sum of $2,000 representing five months unpaid rent.

During the month of April, 1950 one Scaglione and his associate, Mejia, contacted defendant's agent, Earl Haskell, and inquired about obtaining a lease of the premises in the event they were vacated by the bankrupt. They were informed that the defendant would enter into a lease only if the $2,000 indebtedness were paid. Thereafter on May 10, 1950 Scaglione and Mejia, as purchasers, entered into an escrow agreement with the bankrupt, as seller, for the purchase of the furniture, fixtures and equipment of the business, the good will, title and interest in the trade-name, "Homan's", and the liquor license (which is transferable under the state law), for a total consideration of $10,650. The sale was subject to the condition that "seller is to procure for the benefit of the purchasers a new lease for a period of six years", and authorized the escrow holder "to forthwith pay the sum of $2,000 to" the defendant. The sale was consumated, the new lease was effected, the escrow holder paid the defendant the $2,000 and upon its receipt the

defendant applied it to the bankrupt's indebtedness. There remained in the escrow to the credit of the bankrupt $8324.25 ($8,650 less the escrow and sale expenses). An involuntary petition in bankruptcy was filed against the bankrupt on August 17, 1950, upon which an adjudication of bankruptcy was entered and the $8,324.25 was delivered to the trustee.

The trustee now contends that the payment of the $2,000 to defendant was a transfer, within four months of bankruptcy, while insolvent, of the bankrupt's property to a creditor, on account of an antecedent debt and at a time when the defendant had reasonable cause to believe the debtor insolvent.

▇▇▇ To constitute a voidable preference the transfer must diminish the bankrupt's estate. Continental & Commercial Trust & Savings Co. v. Chicago Title & Trust Co., 229 U.S. 435, 439, 444, 33 S.Ct. 829, 57 L.Ed. 1268; Shafter v. Mooney, 9 Cir. 18 F.2d 836. Circuity of arrangement such as payment through a third person will not defeat the right of the trustee to set aside the preference if it is a transfer of the bankrupt's property, the effect of which is to enable one creditor to obtain a greater percentage of his debt than another creditor of the same class. National Bank of Newport v. National Herkimer County Bank, 225 U.S. 178, 184, 32 S.Ct. 633, 56 L.Ed. 1042. But the funds transferred must be from the assets of the bankrupt and result in a diminution of the bankrupt's estate.

Scaglione and Mejia discussed the matter of a lease with the defendant *before* they entered into the agreement to purchase the bankrupt's property. They were not interested in purchasing the fixtures, good will, trade-name, "Homan's", etc., unless they were assured of the location, with a six-year lease, at which they could conduct the business. They were informed by the defendant that it would enter into a lease only if it received $2,000. When they negotiated the sale with the bankrupt they knew that they must arrange for the payment of $2,000 to the defendant or there would be no deal. Although the escrow agreement recited a

purchase price of $10,650, *actually it only provided for the payment of $8,650 to the bankrupt*. The purchasers specifically stipulated that $2,000 must be paid to the defendant "forthwith" and that the sale was subject to the condition that the "seller * * * procure for the benefit of the purchasers a new lease for a period of six years." The estate of the bankrupt was not diminished because $8,650 was the maximum that it could possibly receive from the sale. Its only alternative was to forego the sale, in which event not only would the $2,000 not be available to the bankrupt estate, but the trustee would not have received the $8,324.25. Diminution of the bankrupt estate, an essential element of a preferential transfer, is wanting. "The fact that what was done worked to the benefit of the creditor, and in a sense gave him a preference, is not enough, unless the estate of the bankrupt was thereby diminished." Continental Trust case, supra. [229 U.S. 435, 33 S.Ct. 831.]

▇▇▇ The defendant would not lease to Scaglione and Mejia unless its past due rent was paid. Scaglione and Mejia took the lease, paid the indebtedness and purchased the bankrupt's assets. The payment received by the defendant did not come from the bankrupt, nor from any of the bankrupt's assets, but from Scaglione and Mejia. If the defendant had not received its money it would not have entered into the lease and the bankrupt's estate would not have received the consideration of the sale from Scaglione and Mejia, for they would not have made the deal without a lease. Whether the creditors would have been better off if the sale to Scaglione and Mejia had not been made is not in issue here. Courts do not make contracts. A consideration passed to the bankrupt's estate by virtue of the sale to Scaglione and Mejia. The act of the defendant made that consideration possible. That transaction cannot now be undone, for the defendant is bound by its lease to Scaglione and Mejia. See Hough v. Atchison, 10 Cir., 34 F.2d 238; Shafter v. Mooney, 9 Cir., 18 F.2d 836.

Judgment will be for defendant. Counsel for defendant is requested to prepare findings consistent with this memorandum.